UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MYNER JANE TUBB**                                             **CIVIL ACTION**

**VERSUS**                                                              **NO. 22-622-JWD-SDJ**

**UNITED PROPERTY & CASUALTY**
**INSURANCE COMPANY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 4, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MYNER JANE TUBB**                                             **CIVIL ACTION**

**VERSUS**                                                                **NO. 22-622-JWD-SDJ**

**UNITED PROPERTY & CASUALTY**
**INSURANCE COMPANY**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion for Remand (R. Doc. 20) filed by Plaintiff Myner Jane Tubb on April 3, 2024. No opposition to this Motion has been filed, and the deadline for doing so has passed. As such, the Court considers the Motion unopposed. For the reasons set forth below, the Court recommends the Motion be **denied without prejudice**.

This case was removed by Defendant United Property and Casualty Insurance Company, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] On March 24, 2023, Defendant filed a Motion to Enforce Stay and Notice of Liquidation and Statutory Stay, in which it notified the Court this it had been "declared insolvent and placed into liquidation."[2] Defendant requested that the Court "enforce the permanent stay of all claims against UPC ordered by the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida and for the automatic statutory stay of all claims against UPC and any party which is obligated to defend as provided by La. R.S. 22:2068(A)."[3] On March 27, 2023, the Court granted the Motion and ordered that the matter be stayed for six months, or until August 28, 2023, pursuant to La. R.S. 22:2068(A).[4] The Court

---

[1] R. Doc. 1 at 1-2.
[2] R. Doc. 18 at 1.
[3] *Id.*
[4] R. Doc. 19.

subsequently lifted the stay and returned this proceeding to the Court's active docket on July 31, 2024.[5]

In her Motion for Remand, Plaintiff states that, following Defendant's entering into receivership for purposes of liquidation, "[t]he Louisiana Insurance Guaranty Association has now taken responsibility for all of Defendant's claims made prior to the February 27, 2023 order [placing Defendant into receivership]."[6]  Plaintiff continues that "[b]ecause the Louisiana Insurance Guaranty Association is a Louisiana based association, they cannot be made a party to the suit until the case is remanded to state court due to lack of diversity jurisdiction among the parties, and without the Louisiana Insurance Guaranty Association as a party to the suit, the case cannot move forward."[7]

The Court disagrees.  As it stands, the parties in this litigation—Plaintiff and United Property and Casualty Insurance Company—remain diverse parties, meaning the Court still has diversity jurisdiction until a non-diverse party is added, potentially destroying diversity.  As Plaintiff clearly states, that has not happened yet, meaning Plaintiff's Motion for Remand is premature.  The Court, therefore, will deny Plaintiff's Motion for Remand without prejudice, to be refiled, if needed, if and when the Louisiana Insurance Guaranty Association is added as a party.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Remand (R. Doc. 20) be **DENIED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on October 4, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] R. Doc. 21.
[6] R. Doc. 20 at 1-2.
[7] *Id.* at 2.